# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Hon. Blanche M. Manning** |
| v. | ) | |
| | ) | **01 CR 1078-6** |
| **CORTEZ COOPER** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the sentencing of Defendant Cortez Cooper, who was found guilty by a jury of conspiracy and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841, and use of a telephone in the commission of these offenses, in violation of 21 U.S.C. § 843. Cooper filed objections to the Presentence Investigation Report ("PSR") prepared by the United States Probation Office ("Probation"). For the reasons set forth herein and in open court on June 3, 2005, this Court OVERRULES Cooper's Objections [433-1] and sentences him to 240 months incarceration.

## BACKGROUND[1]

This is Cooper's second sentencing before this Court on charges stemming from the same investigation and initial indictment. Accordingly, before discussing Cooper's objections to the PSR, this Court will review the entire history of this case.

### **The Initial Indictment**

On April 18, 2002, Cooper and ten Co-Defendants (including Hugh Rogers, the leader of the conspiracy) were charged in a 39-count Initial Indictment, which alleged that they conspired to distribute cocaine and cocaine base in the Garfield Boulevard area on the south side of Chicago from 1992 until their arrest in 2001 ("the Rogers' Conspiracy"). In addition to the conspiracy count (Count 1), the Initial Indictment named Cooper in five separate counts – Counts 12-16. Counts 12 and 13 alleged that on May 1, 2001, Cooper knowingly and intentionally possessed with the intent to distribute 62 grams of cocaine and 9.2 grams of cocaine base, in violation of 18 U.S.C. § 841(a)(1). Counts 14 and 15 charged that on December 12, 2001, Cooper knowingly and intentionally possessed with the intent to distribute 32 grams of cocaine base and 111 grams of marijuana, in violation of 18 U.S.C. § 841(a)(1). Count 16 alleged that Cooper knowingly and intentionally used a telephone in the commission of the above offenses, in violation of 21 U.S.C. § 843(b).

---

[1] The facts in this opinion are taken from the initial and second PSRs and attachments thereto, the parties' submissions, this Court's prior Memorandum and Order of January 20, 2004 ("the Order"), evidence and argument presented at both sentencing hearings, and testimony and exhibits presented at trial.

**Cooper's Proffer, Rejection of the Government's Plea, and Blind Plea**

On February 14, 2002, in anticipation of a plea agreement, Cooper gave the Government a proffer detailing his involvement with Hugh Rogers. Shortly afterwards, the Government tendered a plea agreement ("the Plea Agreement") to Cooper, which required him to plead to "one count of conspiracy to distribute and possess with intent to distribute quantities . . . in excess of five kilograms of cocaine and in excess of 50 grams of cocaine base" and three counts of possession with intent to distribute cocaine and cocaine base and one count of possession with intent to distribute marijuana. In pleading guilty to the conspiracy count, the Plea Agreement required Cooper to admit: (1) criminal conduct from his proffer session; and (2) participation in Roger's drug conspiracy from at least 1995 until December of 2001. The Government also wanted Cooper to admit that by participating in the Roger's Conspiracy, "it was reasonably foreseeable to him that the conspiracy distributed more than 50 but fewer than 150 kilograms of cocaine, and more than 1.5 kilograms of crack cocaine." Although not setting forth a specific sentence, the Plea Agreement stated that Cooper's minimum sentence would be no less than 10 years. The Plea Agreement also stated that at the time of sentencing, the Government would move for a downward departure under United States Sentencing Guideline ("the Guideline" or "U.S.S.G.") section 5K1.1 and 18 U.S.C. § 3553(e), which would result in a sentence equal to two-thirds of the low end of applicable Guideline or the 10 year statutory minimum sentence.[2] Cooper rejected the Plea Agreement on the grounds that he did not believe that he was a part of the Roger's Conspiracy from 1995 to 2001.

---

[2] The Government contends that had Cooper accepted its initial plea agreement, he would have been sentenced to 14 years.

After rejecting the Plea Agreement, on April 3, 2003, Cooper entered a "blind plea" to Counts 12 and 13 – possession with the intent to distribute 62 grams of cocaine and 9.2 grams of cocaine base.

**The Superceding Indictments**

On April 17, 2003, two weeks after his blind plea, a Superceding Indictment was returned solely against Cooper. The Superceding Indictment simply recharged the counts in the Initial Indictment (Counts 1 and 14-16) to which Cooper had not pled guilty in his blind plea. Count 1 charged that Cooper conspired with Co-Defendants Rogers, Clark, Bailey, Coats, and others to distribute in excess of five kilograms of cocaine powder and in excess of 50 grams of cocaine base. In addition, Cooper was charged with possession with intent to distribute 32 grams of cocaine base (Count 5) and 111 grams of marijuana (Count 6) and use of the telephones in the commission of these offenses.[3]

Subsequently, a Second Superceding Indictment was returned on June 17, 2004. This indictment was the same as the First Superceding Indictment, except that it added a charge of possession of a firearm in furtherance of the above offenses (Count 7). Cooper entered a plea of not guilty to the First and Second Superceding Indictments.

**Sentencing on the Blind Plea**

Instead of proceeding to trial on the superceding indictments and having one sentencing hearing on all charges, the Government chose to have Cooper sentenced on the charges in the blind plea before having a trial on the remaining charges. As a result, Probation (in an "Initial

---

[3] The Government also charged Cooper in Count 2 with possession with intent to distribute 63 grams of cocaine. This charge, however, was later voluntarily dismissed.

PSR") calculated Cooper's total offense level for the charges in the blind plea, using the 2001 edition of the Guidelines, as follows:

| | |
|---|---|
| Base Offense Level (§ 2D1.1(c)) (26 levels based on the quantity of drugs in Counts 12 and 13 and 12 levels based on other relevant conduct, pursuant to § 1B1.3) | 38[4] |
| Specific Offense Characteristics (for possession of a firearm pursuant to § 2D1.1(b)(1)) | 2 |
| Adjustment for of Role in Offense (§ 3B1.2(b)) (minor participant) | 0 |
| Acceptance for Responsibility (§ 3E1.1) | 0 |
| Total Offense Level | 40[5] |

Based on an offense level of 40 and a criminal history category of III, the Guidelines provided for a sentence of 360 months to life.

In his Objections to the Initial PSR [349-1], Cooper contended that Probation erred in:

---

[4] In arguing that Cooper should have been given an additional 12 levels for "other relevant conduct" (i.e., drug amounts not included in the blind plea), Probation and the Government contended that Cooper should be held accountable for drug amounts that were "directly attributable" to him and "reasonably foreseeable" under the Rogers' conspiracy. In seeking inclusion of drug amounts under the conspiracy, Probation and the Government relied on Guideline section 1B1.3(a)(1), which requires the sentencing court to increase the defendant's base offense level to account for "all acts and omissions" committed by the defendant that are "part of the same course of conduct or common scheme or plan as the offense of conviction," and "all reasonably foreseeable acts" taken in furtherance of the "criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with, whether or not charged as a conspiracy."

[5] In determining the total offense level, Probation followed the Government's recommendation in its Version of the Offense (attached to the Initial PSR).

(1) assigning him an additional 12 levels for "other relevant conduct"; (2) adding an additional two levels for possession of a dangerous weapon; (3) refusing to give him a minor role reduction; and (4) denying him credit for acceptance of responsibility. After reviewing the Objections and the Government's response, this Court overruled objections two and three but sustained objections one and four and held that Cooper's total offense level was a 25 (with a base level of 26) and imposed a sentence of 120 months.

**Trial on the Second Superceding Indictment**

After the Court sustained Cooper's objections, the Government proceeded to trial on the Second Superceding Indictment. After a trial, the jury returned a guilty verdict on all counts except for Count 6 – possession with intent to distribute 111 grams of marijuana. The jury also found that it was foreseeable that the conspiracy "involved 50 grams or more . . . of cocaine base."

**Cooper's Second PSR**

Based on the above guilty verdict, Probation calculated Cooper's present total offense level, using the 2001 edition of the Guidelines, as follows:

| | |
|---|---|
| Base Offense Level (§ 2D1.1(c)) (based on the jury's finding of 50 grams or more of cocaine base ) | 32 |
| Specific Offense Characteristics (for possession of a firearm pursuant to § 2D1.1(b)(1)) | 2 |
| Adjustment for of Role in Offense (§ 3B1.2(b)) (minor participant) | 0 |
| Acceptance for Responsibility (§ 3E1.1) | 0 |

| Total Offense Level | 34 |
|---|---|

Based on this offense level and a criminal history category of III, the Guidelines provide for a sentence of 188 to 235 months. Because the Government filed a motion under 21 U.S.C. § 851 to increase Cooper's sentence, however, Probation found that the appropriate sentence was 240 months under 21 U.S.C. § 841(b)(1)(A), based on the amount of drugs and his prior conviction for drug dealing.

**ANALYSIS**

Cooper objects to the PSR on the grounds that: (I) sentencing him for drug amounts attributable to the Roger's Conspiracy violates the Double Jeopardy Clause of the Fifth Amendment; (II) he should receive a three-level reduction for acceptance of responsibility; (III) based on the evidence presented at trial, his base offense level should be a 26; (IV) Probation should have given him a two-level minor role reduction; (V) the enhancement under 21 U.S.C. § 851 was improper; and (VI) he should receive a downward departure for vindictive prosecution.[6] The Court will address each of these objections in turn.

**I.        Double Jeopardy**

Cooper contends that by moving to have this Court consider the drugs from the Roger's Conspiracy at his first sentencing, the Government put him in jeopardy of being "punished" for the same conduct of which he was later found guilty and for which he is currently being sentenced. Therefore, according to Cooper, "the Government has unlawfully placed [him] in jeopardy a second time." While this Court finds this argument logical, it was specifically

---

[6] Cooper also made a factual objection to the PSR, which this Court ruled on at the sentencing hearing and will not discuss here.

rejected by the Supreme Court in <u>White v. United States</u>, 515 U.S. 389, 397 (1995) (consideration in a prior sentencing hearing of uncharged drug amounts as other relevant conduct, does not constitute punishment under the Double Jeopardy Clause).

**II.    Acceptance of Responsibility**

Cooper further objects to Probation's conclusion that he is ineligible for a three-level reduction for acceptance of responsibility under section 3E1.1(a).  Under section 3E1.1(a), "[i]f the defendant clearly demonstrates acceptance of responsibility of his offense," the court should decrease the offense level by two levels.   In determining whether a defendant has properly accepted responsibility under subsection (a), courts look to the following factors set forth in Application Note 1 to section 3E1.1:

> (a) truthfully admitting the conduct comprising the offense(s) of conviction and admitting or not falsely denying any additional relevant conduct for which defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction . . . . A defendant may remain in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction . . . . ;
>
> (g) post-offense rehabilitative efforts (<u>e.g.</u>, counseling or drug treatment); and
>
> (h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

<u>United States v. Sullivan</u>, 916 F.2d 417, 420-421 (7th Cir.1990).

Here, Cooper chose to proceed to trial and continues to deny responsibility even after the guilty verdict.  Therefore, this Court finds that he is not eligible for a section 3E1.1 departure.

**III.    Base Offense Level**

In addition, Cooper objects to Probation calculating his base offense level at a 32. Probation arrived at this level, under section 2D1.1(4), based on the jury's special verdict finding that it was foreseeable that the Rogers' Conspiracy "involved 50 grams or more . . . of cocaine base." Cooper contends that the use of 50 plus grams constitutes impermissible "double counting" because this amount includes drug amounts to which he pled guilty and for which he was previously sentenced.

After reviewing the PSR and the relevant trial testimony, this Court finds that there was more than enough evidence, separate from the 9.2 grams of cocaine base which Cooper admitted to in his blind plea, for the jury to have reasonably made its finding of 50 grams. The testimony at trial revealed that in 2001 Cooper made numerous deliveries of cocaine base in multiple ounce size quantities for the Rogers' Conspiracy and watched Rogers "cook-up" cocaine base. Additionally, at the time of his arrest, Cooper had 32 grams of cocaine base in his possession. Accordingly, this Court overrules Cooper's objection of double counting.[7]

---

[7] Although not filing a written objection, at the sentencing hearing, the Government contended that this Court should consider evidence at trial to go beyond the jury's finding and hold that Cooper is liable for more than 150 grams of cocaine base and therefore a base offense level of 38. The Court declines to follow this argument on the grounds that the Government could have presented this higher number for the jury's consideration. Regardless, even if this Court were inclined to follow the Government's position, the Government has not cited to portions of the trial transcript which would allow this Court to make a finding beyond that decided by the jury.

## IV. Minor Role Reduction

Cooper also objects to Probation's refusal to give him a two level departure for being "a minor participant (courier) in the alleged concerted criminal activity with Rogers." Guideline section 3B1.2(b) allows a court to depart two levels if the court determines that "the defendant was a minor participant in [the] criminal activity." Application Note 3A defines a "minor participant" as a participant who is "substantially less culpable than [an] average participant." The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a minor participant reduction. United States v. Mitchell, 178 F.3d 904, 910 (7th Cir.1999). The court's determination "is heavily dependent upon the facts of the particular case." Application Note 3(C). "[I]n weighing the totality of the circumstances, [the court] is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." Id.

Here, based on the drug amounts and the evidence presented at trial, this Court finds that Cooper was at least an "average participant" and thus not eligible for a minor role reduction.

## V. Enhancement Under 21 U.S.C. § 851

Cooper further contends that Probation should not have applied a section 851 enhancement because the Government did not file a second section 851 notice "prior to trial on the Second Superceding Indictment, which added several new charges." Under section 851, to seek a sentence enhancement based on a prior conviction, the Government must file "an information" before trial detailing the previous convictions which the Government intends to rely upon for the enhancement. Because the purpose of section

851's notice requirement is "to give defendants an opportunity to show that they had not been previously convicted of [the prior] crimes subjecting them to increased penalties," the government does not need to file a second 851 notice after a superceding indictment is handed down. United States v. Wright, 932 F.2d 868, 882 (10th Cir. 1991). See also United States v. Kamerud, 326 F.3d 1008, 1014 (8th Cir. 2003) ("the government is not required to refile a notice of enhanced sentence under 21 U.S.C. § 851 after the return of a superceding indictment").

### VI.     Vindictive Prosecution

Lastly, Cooper asserts that he should receive a downward departure for vindictive prosecution because the Government used the section 851 enhancement to punish him for asserting his right to a trial on the conspiracy count. A prosecutor's "pretrial decisions, including the choice to seek increased or additional charges, are presumed valid." United States v. Falcon, 347 F.3d 1000, 1004 (7th Cir. 2003). Here, Cooper has failed to rebut this presumption. As was its right, the Government filed its section 851 enhancement notice before Cooper even entered into his blind plea. Other than the fact this notice was filed during the time the Government was pushing Cooper to plead guilty on all counts, Cooper has not presented any other evidence showing vindictiveness. Even if this Court found the timing of the section 851 notice suspicious, without more, Cooper cannot prevail on his claim of vindictive prosecution. Id. This Court thus overrules Cooper's objection on this issue.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendant Cooper's Objections [433-1] and sentences him to 240 months incarceration, to run concurrent to his prior sentence of 120 months. It is so ordered.

ENTER: *Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

**DATE: July 26, 2005**